FILED
United States Court of Appeals
Tenth Circuit

March 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW L. CHURCH,

Defendant - Appellant.

No. 12-3170

D. Kansas

(D.C. No. 6:11-CR-10168-MLB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

---

## I.    Introduction

Appellant Matthew L. Church pleaded guilty to one count of robbery, in violation of 18 U.S.C. § 1951(a).  The district court sentenced him to 180 months' imprisonment, a sentence near the top of the advisory guidelines range.  Church appeals his sentence, conceding the career offender guideline was correctly

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

applied in his case, but arguing his sentence is nevertheless substantively unreasonable in light of the nature and circumstances of the offense of conviction and his history and characteristics. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Church's sentence.

## II. Background

In 2011, Church was arrested after robbing a Wichita pizza restaurant of $82. After he pleaded guilty to one count of robbery, in violation of 18 U.S.C. § 1951(c), the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Church's offense level at thirty-two by applying the career offender sentencing guideline. *See* U.S.S.G. § 4B1.1(b)(3). The PSR also recommended a three-level reduction in the offense level for acceptance of responsibility, resulting in a total offense level of twenty-nine. *See* U.S.S.G. § 3E1.1. Church's criminal history score and his status as a career offender each independently established a criminal history category of VI. Church's prior convictions included burglary of a dwelling, felony forgery, possession of drug paraphernalia, attempted robbery, and attempted aggravated robbery. The total offense level of twenty-nine combined with a criminal history category of VI yielded an advisory guidelines range of 151 to 188 months' imprisonment.

Church filed a written memorandum prior to sentencing, asking the district court to vary downward from the advisory guidelines range and impose a sentence

of fifty-one months.  Although he admitted the PSR properly applied the career offender guideline, he argued his criminal history is less egregious than the typical career offender.  In particular, he asserted he is a low level drug addict who did not "derive a lucrative income" from committing crimes.  While admitting he had a history of robbing or attempting to rob local businesses, he argued he never inflicted physical harm and never used a firearm or other weapon.

At the sentencing hearing, Church again asked the district court to sentence him as if the career offender guideline did not apply.  He repeated the arguments made in his written memorandum, emphasizing his position that he is a nonviolent offender whose criminal behavior was "heavily influenced by the use of drugs." The district court, however, rejected Church's arguments, concluding a below-guidelines sentence was not justified based on a balancing of the factors set out in 18 U.S.C. § 3553(a).  The court described Church's criminal history as "continuous" activity involving the commission of "serial felonies."  When analyzing the nature and circumstances of the offense of conviction, the court characterized the robbery conviction as a "serious offense."  The court also expressed concern that prior terms of incarceration in the state system had not deterred Church from continuing to commit crimes.  It remarked that Church was "one of the rare people that I've seen in the last 20 years who I think will continue to commit crimes throughout [his] life."

Based on its analysis of the sentencing factors, the district court sentenced Church to 180 months' incarceration, a sentence near the top of the advisory guidelines range. After announcing the sentence, the court stated that even if the career offender guideline did not apply, it would have varied upward to the 180-month sentence. Church appeals, arguing his sentence is substantively unreasonable.

## III. Discussion

Church concedes the career offender guideline applies and, thus, he makes no challenge to the procedural reasonableness of his sentence. His appellate argument is confined to the substantive reasonableness of the sentence. This court reviews a challenge to the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). Sentences which fall within a properly calculated guidelines range are entitled to a rebuttable presumption of substantive reasonableness. *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009). On appeal, Church bears the burden of demonstrating his sentence is outside the range of sentences the record can "fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Church's appellate argument is repetitive of the arguments he presented to the district court. He again asserts his criminal history does not include violent behavior and the offense of conviction did not involve a firearm, weapon, or threat. He also argues he did not engage in criminal activity as a business to make a profit, instead describing himself as "a drug addict supporting his habit."

After considering his appellate arguments, we conclude Church has failed to rebut the presumption his sentence is reasonable. The district court concluded Church was a repeat offender with a lengthy criminal history who was not deterred by numerous prior terms of imprisonment. The record makes clear the district court considered all of Church's arguments, independently weighed the § 3553(a) factors, and fully explained its reasoning before imposing a sentence within the correctly calculated advisory guidelines range.

## IV. Conclusion

Church has not shown the sentence imposed by the district court is outside the range of sentences the record can fairly support. *McComb*, 519 F.3d at 1053. Accordingly, his sentence of 180 months' incarceration is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-5-